**QUN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76934.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 7, 2008.

Manfred Schroer, Law Offices of Manfred Schroer, Grand Terrace, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Patricia E. Hurt, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Qun Chen, a native and citizen of China, petitions for review of the Board of Immi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We review *de novo* due process challenges to immigration decisions. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny the petition.

Substantial evidence supports the IJ's and BIA's denial of Chen's asylum claim on the basis of an adverse credibility finding. Chen's documentary evidence was inconsistent with his testimony regarding matters that go to the heart of his claim, including whether he was detained by the family planning unit or the local police, and whether he was released from detention after paying a fine or instead escaped. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

In his opening brief, Chen failed to raise, and therefore has waived, any challenge to the IJ's and BIA's determinations that he is ineligible for withholding of removal or CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996).

Substantial evidence also supports the IJ's and BIA's conclusion that Chen filed a frivolous asylum application. *Cf. Farah v. Ashcroft,* 348 F.3d 1153, 1157–58 (9th Cir. 2003) (citing 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20, and laying out criteria for finding an application is frivolously filed).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Chen's claim that the IJ violated his due process rights by denying his request for a continuance is denied because he fails to show prejudice. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

Chen's claim that the IJ's questioning violated his due process rights also fails, because the Due Process Clause does not preclude an IJ from asking questions of witnesses, and because Chen has fails to show prejudice. *See Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998).

**PETITION FOR REVIEW DENIED.**